Opinión disidente emitida por el
Juez Presidente Señor Hernández Denton.
Si bien coincidimos con la opinión del Tribunal en cuanto al estándar aplicable para determinar si procede una moción de nuevo juicio en circunstancias como las del caso de autos, nos vemos en la necesidad de disentir con su resultado, por entender que el caso debió ser devuelto al foro de instancia para que sea éste quien evalúe la moción de nuevo juicio a la luz de la normativa adoptada. En vista de que este Tribunal no había pautado la norma aplicable y, de hecho, el tribunal de instancia hizo su análisis al amparo del escrutinio tradicional de error no perjudicial, debe dársele la oportunidad al referido foro para que, previa la celebración de una vista, haga la determinación correspondiente.
Este proceder sería cónsono con el curso de acción tomado por el Tribunal Supremo de Estados Unidos en el caso de United States v. Bagley, 473 U.S. 667 (1985). En ese caso normativo —cuyos hechos son muy similares a los del caso de autos— el fiscal no reveló, a pesar de la oportuna solicitud de la defensa, un acuerdo entre uno de los testigos de cargo y el Ministerio Público por medio del cual el Estado acordó remunerar al testigo por la información que éste vertiera en el juicio. Una moción de nuevo juicio, presentada por la defensa a raíz de lo anterior, fue denegada por el foro *353 de instancia al resolver que la omisión del fiscal constituía un error no perjudicial. Posteriormente, la Corte de Apelaciones de Estados Unidos para el Noveno Circuito dejó sin efecto esta determinación por entender que procedía la revocación automática. El Tribunal Supremo federal, a su vez, revocó a dicho tribunal apelativo y devolvió el caso al foro primario para que celebrara una vista y evaluara la moción de nuevo juicio según el estándar de probabilidad razonable de que el resultado de los procedimientos sería distinto. Dicho foro, además, resolvió que, para ello, el tribunal de instancia debía tomar en consideración el efecto acumulativo de la evidencia suprimida.
A pesar del curso de acción del Tribunal Supremo federal en United States v. Bagley, supra, y de la similitud entre los hechos de ese caso y los del caso de autos, la opinión del Tribunal revoca la sentencia de culpabilidad y ordena la celebración de un nuevo juicio, en lugar de devolver el caso al tribunal de instancia para que celebre la vista correspondiente. La opinión del Tribunal fundamenta su determinación en lo resuelto por el máximo foro federal en Kyles v. Whitley, 514 U.S. 419 (1995).
En ese caso, el Tribunal Supremo federal revocó una sentencia de culpabilidad, luego de determinar que el fiscal había ocultado evidencia exculpatoria. No obstante, los hechos de Kyles v. Whitley, supra, presentan unas particularidades que lo distinguen sustancialmente del transfondo fáctico que nos ocupa. Ese era un caso de pena de muerte, en el que un primer jurado había sido disuelto por no ponerse de acuerdo para un veredicto de culpabilidad, y en el cual la evidencia suprimida por el fiscal parecía inculpar al principal testigo de cargo. Además, el principal testigo del Estado había cambiado su testimonio y la descripción del supuesto asesino brindada por otros testigos no coincidía con las características físicas de Kyles.
Evidentemente, la marcada diferencia entre los hechos de Kyles v. Whitley, supra, y United States v. Bagley, supra, *354 en lo que respecta a la naturaleza de la evidencia suprimida, es relevante para entender por qué en un caso el tribunal revocó la sentencia de culpabilidad, mientras que en el otro, tras aclarar el estándar aplicable, devolvió el caso al foro primario. Si bien en Bagley el Tribunal Supremo federal expresó que no existe diferencia entre la evidencia impugnatoria y la exculpatoria, en cuanto a que ambas constituyen una prueba beneficiosa al acusado, ello no quiere decir que cualquier prueba suprimida por el fiscal y que sirva para impugnar a un testigo de cargo conlleva la revocación automática de una sentencia de culpabilidad.
De hecho, en United States v. Bagley, supra —el mismo caso donde se hacen estas expresiones— el Tribunal Supremo federal no revocó la sentencia de culpabilidad y optó por devolver el caso al foro primario para que fuera dicho foro quien evaluara la prueba, a la luz de la normativa adoptada y tomando en consideración el efecto acumulativo de la evidencia suprimida por el Estado. Esto es, enfrentado con dos casos donde la naturaleza de la evidencia suprimida era distinta —en Bagley se trataba de prueba impugnatoria de un testigo de cargo y en Kyles v. Whitley, supra, la prueba suprimida era claramente exculpatoria, en el contexto de un caso de pena de muerte— el Tribunal Supremo federal resolvió de manera distinta, devolviendo el caso al foro de instancia en el primero y revocando la sentencia de culpabilidad en el segundo.
A la luz de lo anterior, y tomando en consideración la forma como el Tribunal Supremo de Estados Unidos ha aplicado la normativa que rige en estas circunstancias, creemos que la opinión del Tribunal incide al revocar automáticamente la sentencia condenatoria. Por ello, aunque coincidimos con la opinión del Tribunal en que procedía revocar la determinación del foro apelativo, en atención a las acciones altamente cuestionables del Estado al negarse a descubrir prueba que podía beneficiar a la defensa, no podemos endosar la revocación automática de una sentencia de culpabilidad, en ausencia de una evaluación del *355 impacto acumulativo de la evidencia suprimida por parte del foro primario.
En vista de que el Tribunal opta por revocar la sentencia de culpabilidad y ordena la celebración de un nuevo juicio, sin darle oportunidad al foro de instancia para que evalúe la moción de nuevo juicio a la luz del estándar adoptado hoy, disentimos.